## DANIEL BURNHAM *versus* NATHAN HOWE & al.

When a case is opened to the jury, and taken from them without a verdict, and submitted to the opinion of the Court upon a report of the evidence, and there is no agreement of the parties inconsistent therewith, it is within the discretion of the Court to permit other evidence to be offered, if it is in itself pertinent to the issue, and has a tendency to throw light upon the questions presented.

Where justices duly selected and qualified have administered the poor debtor's oath, after an examination, to a debtor, who had been arrested on execution and had given bond, they may amend their certificate, conformably to the truth of the case, not only after the commencement of a suit upon the bond, but upon the trial thereof.

Under the poor debtor act of the Revised Statutes, if the debtor wishes to avail himself of the benefit of an examination and of the poor debtor's oath, it is for him to take such measures, that a legal tribunal for the purpose shall be constituted. He must select one justice, and procure his attendance at the time and place appointed in the notice; and if the creditor omits to appear and select the other, the debtor must cause the appointment to be made by an officer, and procure the attendance of the justice so selected.

The statute has pointed out no mode, document or precept, in reference to the selection of a justice, which an officer is bound to regard, or notice; and the debtor has but the same power to procure the appointment and attendance of the other justice, in such case, that he has in procuring the attendance of the justice selected by himself.

It is not necessary that the officer making the selection of a justice, should have absolute knowledge of the failure of the creditor to make his own selection. If the officer acted under erroneous information, and made an appointment, when the creditor had procured the attendance of a justice of his own selection, the appointment by the officer would be void.

The justices may amend their certificate by adding, in accordance with the truth, a more full statement of the mode in which their own selection was made.

Where it appears by the certificate of the justices to what debt the proceedings related, their omission to insert the date of the execution, on which the arrest was made, will not render the proceedings void.

When the certificate of the justices states that the debtor was examined prior to his taking the oath, it is conclusive in that respect; and parol evidence is inadmissible to show that there was in fact no examination.

That there was an examination is implied from the language of a certificate which says, " that in our opinion the debtor is clearly entitled to have the oath prescribed in the 28th section of said chapter administered by us, and that we have, after due caution to him, administered said oath."

DEBT on a poor debtor's bond, dated October 3, 1842,

After all the evidence had been introduced, the case was taken from the jury by consent of the parties, and by them submitted thereon, or on so much thereof as should be considered legal and admissible, to the decision of the Court, with authority to order a nonsuit or default, and enter judgment in favor of the party entitled to prevail. The facts are stated in the opinion of the Court.

*Howard & Shepley* contended, that the justices assuming to act in this case were not legally selected, and had not jurisdiction of the matter, and that therefore their proceedings were *coram non judice* and void. This has been repeatedly decided by this Court. One of the justices was not selected by the plaintiff, or by any officer, but by the debtor, or the other justice.

The plaintiff should have been permitted to inquire of the justices respecting the examination, and to show, that there had been none. The justices could not administer the oath without an examination of the debtor. The certificate does not state that there had been any. The plaintiff is not precluded from showing, that there was none. Rev. St. c. 148, § 20, 22, 25, 27, 29; *Harding* v. *Butler*, 21 Maine R. 191. There is the same reason for permitting this inquiry, that there is in proving by parol, that there was no legal selection of the justices.

The amendments offered ought not to be allowed. They are not conformable to the truth, nor consistent with the statements of the parties, under oath, who wish to amend. The same objections apply to the second one offered, with the additional ones, that the justices did not know of the fact when the first certificate was made, and that the parties had agreed to submit the case on other facts. The justices are a Court only for a specific purpose and for a limited time, and after administering the oath and giving the certificate their authority to act ceases, and they cannot, years afterwards, amend their record.

*Deblois* and *O. G. Fessenden*, for the defendants, contended, that having shown the application to a justice of the peace

for a citation, and the certificate of two justices of the peace and of the quorum, that they had administered to him the poor debtor's oath, one alternative of the bond was complied with, and the defence made perfect. The plaintiff is not at liberty to contradict such certificate in any particular stated in it. *Cunningham* v. *Turner*, 20 Maine R. 435; *Cary* v. *Osgood*, 18 Maine R. 152; *Agry* v. *Betts*, 3 Fairf. 415; *Black* v. *Ballard*, 13 Maine R. 239; *Colby* v. *Moody*, 19 Maine R. 111.

It was incompetent for the plaintiff to introduce proof that Harding and Ilsley were not duly selected to take the oath of the debtor, they having in their certificate stated their own character, the parties to the process, the commitment of the debtor, his desire to take the oath, and that he had notified the creditor according to law. Officers *de facto*, undertaking to act officially, are to be presumed to be duly qualified to act, and their qualification cannot be controverted collaterally, in a suit in which they are not parties. *Bucknam* v. *Ruggles*, 15 Mass. R. 180; *Nason* v. *Dillingham*, 15 Mass. R. 170; 9 Mass. R. 231; 7 Johns. R. 549; 10 Mass. R. 290; *Charitable Association* v. *Baldwin*, 1 Metc. 359; *Granite Bank* v. *Treat*, 18 Maine R. 340.

But if not conclusive, the certificate is *prima facie* evidence, and if uncontradicted, is to be taken as true. This was decided in the case last cited. The testimony reported does not contradict this certificate.

The justices, however, had the right to amend their certificate, and as amended complete performance is shown. *Colby* v. *Moody*, 19 Maine R. 111.

No damages were sustained; and in such case, none can be recovered. *Colby* v. *Moody*, before cited; *Oriental Bank* v. *Freese*, 18 Maine R. 109; Rev. St. c. 115, $ 78; *Clark* v. *Lamb*, 6 Pick. 512.

The opinion of the Court was by

TENNEY J. — This action is upon a poor debtor's bond given upon his arrest on an execution, in the usual form. The

defence set up is, that within six months from the execution of
the bond, the debtor duly cited the creditor to appear before
two justices of the peace and of the quorum, and submitted
himself to examination, and took the oath prescribed by the
Rev. Stat. c. 148, § 28, according to the first condition men-
tioned in said bond. The defendants introduced the certificate
of the magistrates, who signed the same as justices of the
peace and the quorum. In order to show a want of jurisdic-
tion in them, the plaintiff called upon one of the justices as a
witness; and the defendants afterwards introduced other evi-
dence, in support of their authority to act in the matter. It
appeared that at the time and place mentioned in the citation,
the debtor made selection of Charles Harding, Esq. whose
name is affixed to the certificate; he immediately after called
upon the attorney of the creditor and requested him to go to
the place appointed for the disclosure, and attend to the same,
to which the attorney replied, that he did not *or* would not
take notice; that the said Harding then requested him to ap-
point a justice, which he refused to do; that thereupon said
Harding requested a deputy sheriff to appoint a justice, and
the deputy sheriff did appoint Henry Ilsley, jr. for the cred-
itor, out of several justices of the peace and of the quorum,
which he requested Harding to mention as being commissioned
and qualified; that Mr. Harding did not know, that he stated
to Mr. Ilsley, that he was so appointed; that Mr. Harding
asked Mr. Ilsley to call at the place appointed for the disclos-
ure, before he saw the said attorney or the officer, who made
the appointment; that he put into the hands of the officer no
document, nor did the officer give to the justices any paper;
and that neither the creditor, or his attorney appeared or was
informed of the appointment of Mr. Ilsley.

After a portion of the above mentioned evidence was pre-
sented, and the case taken from the jury by consent of parties
that the facts might be reported, the defendants were allowed
to put into the case, the other portion of the evidence, against
the objection of the plaintiff. An amended certificate was
also offered by the defendants, showing how the justices were

appointed, which is to be considered a part of the evidence or not, as the Court shall determine. A further amendment was offered under a written motion of the defendants, at the argument before the whole Court, which is also for their consideration.

1. Was the evidence adduced at the trial, after the case was taken from the jury, and the amendment first offered, legally admissible?

At the term of the Court, when the action was tried, there being no agreement of the parties inconsistent therewith, it was within the discretion of the Court, to allow other evidence to be offered, if it was in itself pertinent to the issue, and had a tendency to throw light upon the questions presented. It was in furtherance of justice, and was in violation of no inflexible rule of law.

It is well settled, that whenever certificates first made are defective, and do not contain all the facts, they may be amended conformably to the truth of the case. The authorities relied upon in support of this principle are full. Such amendments have been repeatedly allowed, not only after the action was commenced, but at the trial of the cause. The amended certificate was not inconsistent with the facts, which were stated by the witnesses, and we are satisfied, that it should make a part of the case.

The propriety of the other amendment, after it was agreed that the decision of the cause should depend upon such parts of the evidence, introduced at the trial, as were legally admissible, and the questions of law were argued, may admit of more doubt; but it is a matter, which is immaterial in this case.

2. Had the justices, who gave the certificate, jurisdiction of the matter referred to therein?

Chap. 148, § 46, provides, that " one of the justices shall be selected by the debtor, and one by the creditor, his attorney, or agent, if the same can conveniently be done, otherwise by the sheriff or any deputy or coroner, who might legally serve the precept on which he was arrested; and such officer

may also select, in case the parties or either of them decline so to do."

The statute points out no mode in which the officer may be called upon to make an appointment, where the same becomes necessary. After the debtor has made a selection of one justice, that justice is clothed with no power to do any act connected with the examination of the debtor, until another is legally appointed. He cannot compel the attendance of a sheriff or deputy, and a notice, that his attendance becomes necessary, has no more validity than one from any other person. If an officer be present, the justice appointed by the debtor cannot issue any valid precept, or in any manner require, that he should make a selection and appointment for the creditor. The statute has pointed out no record, document or precept, which an officer is bound to regard or to notice. If the debtor wishes to avail himself of the benefit of an examination, and the poor debtor's oath, it is for him to take measures that a legal tribunal for the purpose shall be constituted. It is necessary that a justice be selected in his behalf, who shall attend at the time and place appointed. No precept, or written request to such a justice, has been required by the statute or practice. If the creditor omits to appear, and make selection of another, the debtor must cause the appointment to be made by an officer. He has the same means to cause the officer to act, and to procure the attendance of the magistrate after his appointment, that he has to obtain the services of the one of his own selection, and no greater. If he succeeds, in obtaining the magistrate, impartially selected by the officer, authorized in other respects, to proceed in the examination, and the two are present at the time and place, mentioned in the citation, we do not perceive any reason, why they have not authority to enter upon the consideration of the matter, for which they were selected. If they are two disinterested justices of the peace and of the quorum of the county, where the examination is contemplated to be made, and in fact selected by those, who have the power to make the selection, it would be a reproach upon the law, to

say they had no jurisdiction, because the officer had not absolute knowledge of the failure of the creditor to make his own selection. It cannot be said, that such appointment was not made in compliance with the statute. If the officer acted under erroneous information, the creditor himself having procured the attendance of a justice of his own selection, the appointment of the former would be void.

In the case at bar, the justices' certificate as it was first introduced, was in the form prescribed in the statute, c. 148, § 31, excepting that the date of the execution on which the arrest was made is not inserted. The amendment offered at the trial shows how the magistrates, who signed the certificate, were selected and appointed; and the evidence offered by the plaintiff does not contradict, but so far as it extends is in affirmance of its statements; the evidence of the defendants, which was properly allowed, after the attempt of the plaintiff to show that there was no power in the justices to act, discloses more fully the steps taken to obtain a legal appointment of the magistrate, in behalf of the creditor; no undue influence upon the mind of the officer is exhibited; and no attempt is made to prove a want of disinterestedness and impartiality, in the one appointed.

The omission to insert the date of the execution in the certificate cannot render void, the proceedings. It is not made a prerequisite to its admissibility as evidence, in a suit upon a bond. The jurisdiction of the justices fully appears upon the certificate, and it also shows what was done by them. No other doubt could arise from the omission, than that, whether the proceeding were in relation to the debt on which the arrest was made and the bond given, or not. The description of the debt in the certificate and the bond itself are identical, and is so full, that no doubt can reasonably exist in this respect. The certificate being properly in evidence, shows that the condition first mentioned in the bond has been fulfilled, it not being required therein, that there should be a certificate in any particular form.

The evidence offered, to prove that there was no examina-

tion of the debtor, previous to his taking the oath, was properly excluded. The 25th section of the statute referred to, requires "that the justices shall examine the notification, and return, and if they deem them correct, they shall examine the debtor on his oath concerning his estate and effects, and the disposal thereof, and his ability to pay the debt for which he was committed; and they shall also hear any other legal and pertinent evidence, that may be adduced by the debtor or by the creditor;" and § 27, "If upon such examination, and the hearing of such evidence the justices shall be satisfied, that the debtor's disclosure is true, and shall not discover any thing thereby inconsistent with his taking the oath, set forth in the next section, they may proceed to administer the same."

The jurisdiction of the justices being established, it was for them to judge of the sufficiency of the notification, and the return; and their judgment in that matter is conclusive in a suit upon the bond. They are also to examine the debtor, and to judge conclusively upon the propriety of administering the oath. The mode and extent of the examination, they are to determine. The examination is implied from the language used in the certificate, "that in our opinion he is clearly entitled to have the oath prescribed in the 28th section of said chapter administered by us, and that we have after due caution to him, administered said oath." Whether they administered the oath in the exercise of a sound discretion or not, is not an inquiry which could properly be instituted at the trial.

*Judgment for the defendants.*